ROBERT L. BLAND, Judge.
These two cases were heard upon an agreed stipulation of facts, from which it appears that claimant, Arlie Lewis Arbo-gast, in company with two other persons, was driving an automobile owned by his brother, claimant Howard Arbogast, about 9:30 o'clock iJ. m. on the 14th day of March 1942, eastward over state route no. 33, in Randolph county, West Virginia, about seven miles from the city of Elkins. As the car was proceeding around a curve along the Cheat river, a large stone or boulder, estimated to weigh 1500 pounds rolled into the highway, without warning, almost immediately in front of the car. from the left side and above the highway, and collided with the left front side of the automobile while both were in motion. As a result of the impact the car was precipitated over the embankment to the right side ol the high *105 way, a distance of about two hundred feet. It turned over many times and came to rest in the bed of the Cheat river.
In consequence of the accident the automobile was totally destroyed.
• The stone or boulder apparently became dislodged from its position on the road right-of-way on account of a recent thawing of the earth which had formerly supported it.
Claimant Arlie Lewis Arbogast was thrown from the automobile with such force that he became unconscious. It is shown that he suffered painful injuries. He was taken to the Davis Memorial hospital at Elkins, where he received medical attention. He incurred hospital bills and expenses amounting to $28.60. As a result of the accident he lost three days’ employment at $5.05 per day, amounting to $15.15. An overcoat of the value of $25.00 which was in the car when the accident occurred was damaged and rendered valueless.
It is shown that the fair market value of the automobile of claimant Howard Arbogast was $300.00.
The amount of all losses and damages sustained by claimants is $368.75.
It appears from the evidence adduced before the court that the employees of the state road commission had patrolled and maintained the particular section of the highway where the accident occurred, with due regard for the likelihood or possibility of slips and slides resulting from the freezing and thawing of the ground in the particular section of the highway, in the same manner and with the same degree of care exercised in patrolling and maintaining all sections of state highway in Randolph county.
It is also disclosed by the record that at the time of the accident there were “falling rocks” signs properly located at each end of the through, cut á't the scene of the accident.
*106 It is shown that the temperature in the vicinity of the accident on March 13, 1942, showed a low temperature of 37° from five to seven o’clock a. m., and a high temperature of 67° from two to three o’clock p. m. on the same day. The evidence also shows that the temperature in the vicinity of the accident on the day of its occurrence was a high of 64° from five o’clock to six o’clock p. m., and that there were light rains during the evening of said day.
In claim no. 49, Sarah E. Moore v. State Road Commission, 1 Ct. Claims (W. Va.) 93, we stated in the opinion that the mere fact of injury received on a state highway raises no presumption of negligence on the part of the state road commission. In the same case, following our holding in re claim no. 5, Ruth Miller v. State Board of Control, 1 Ct. Claims (W. Va.) 97, we held:
“Under the act creating the court of claims negligence on the part of the state agency involved must be fully shown before an award will be made.”
In re claim no. 133, Ada Harless v. State Road Commission, 1 Ct. Claims (W. Va.) 241, we held that where the evidence seems to indicate and tends to show that the state road commission was not negligent in maintaining a certain bridge . . . and that the said state road commission exercised reasonable care in maintaining and controlling said bridge . . . an award would be refused.
In re claim No. 179, R. L. James v. State Road Commission, 1 Ct. Claims (W. Va.) 343, we held:
“The court of claims will not make an award in a case where the evidence shows that the state road commission has used reasonable care and diligence in the maintenance of a state controlled highway on which claimant wrecked his motor vehicle by colliding with a large stone or boulder that had become dislodged from a cliff or hillsid'e and fallen on said highway the night preceding or early morning of such accident, and in which it further appears from the *107 evidence that the employees of the state road commission had no knowledge of the likelihood of such happening.”
In re claims No. 188 and no. 189, Fred Harvey v. State Road Commission and Rosa Harvey v. State Road Commission, 1 Ct. Claims (W. Va.) 345, we held:
“Where it appears from the evidence that the employees of the state road commission had no knowledge of a large stone and slide falling from the mountainside onto the highway due to its recent occurrence and had no previous warning of the likelihood of its falling from making their routine examinations of the highway, the state not being a guarantor of the safety of travelers on its roads and highways will not be held liable for personal injuries or property damages suffered by claimants when their motor vehicle runs into such stone.”
In re claim no. 117, L. C. Clark v. State Road Commission, 1 Ct. Claims (W. Va.) 230, we held as follows:
“The fact that a stone or rock falls from the mountainside adjacent to a public road or highway, striking and wrecking a passing automobile, does not of itself constitute negligence on the part of the stale road commission. The state or its agency, the state road commission, not being a guarantor of the safety of travelers on its roads and highways, must cither have notice of the dangerous condition and position of such stone or rock on the banks along the highway, or have known of it by the proper examination of the highway at the place where the accident happened, and have failed to take the necessary steps to remove the rock, and thus prevent an accident, before the state or its agency, the state road commission, becomes liable.”
We do not think that the facts disclosed by the record establish the right of the claimants, or either of them, to an award.
Awards are, therefore, denied, and the claims dismissed.